UNITED STATES of America, Plaintiff,

v.

William R. ARAQUE, Defendant.

No. 8:02CR316.

United States District Court, D. Nebraska.

April 10, 2003.

Patrick J. Boylan, Hascall, Jungers Law Firm, Bellevue, NE, for Defendant.

Kimberly C. Bunjer, Assistant United States Attorney, Omaha, NE, for Plaintiff.

MEMORANDUM AND ORDER

BATAILLON, District Judge.

*Introduction*

The defendant stands indicted on one count of conspiracy to attempt to manufacture and manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 21 U.S.C. § 846, and one count of possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) and 21 U.S.C. § 846. Before me now is the defendant's objection, Filing No. 64, to Magistrate Judge Thalken's report and recommendation, Filing No. 58. Magistrate Judge Thalken recommended that this court deny the defendant's motion, Filing No. 34, to suppress the evidence seized and the statements made in connection with a traffic stop in Sidney, Nebraska, on August 29, 2002. The government did not respond to the defendant's objection.

I have conducted a careful de novo review of the record pursuant to 28 U.S.C. § 636(b)(1)(A) and NELR 72.3(d), and I find that the report and recommendation is neither contrary to law nor clearly erroneous. Therefore, I adopt the report and recommendation in its entirety and deny the defendant's motion to suppress. Because the defendant does not dispute Magistrate Judge Thalken's factual findings, I specifically adopt those findings and forego a lengthy rehearsal of the events leading to the defendant's detention and arrest. *See* Filing No. 58, Report and Recommendation at 2–6.

### Factual Background

Briefly, the defendant and another male tried to purchase two gallons of iodine from the Mercantile Store in Sidney, Nebraska, but left without completing the purchase when employees asked them for identification. The employees were suspicious because they had received training from Cheyenne County, Nebraska, law enforcement officers about materials like iodine that are used to produce methamphetamine in clandestine labs. They reported the attempted purchase to the Cheyenne County Sheriff's Office, along with a description of the men's car and its license plate number.

Cheyenne County Chief Deputy Sheriff Jenson went looking for the car and upon locating it in Sidney, contacted officers from the Sidney Police Department, who then joined Jenson in conducting surveillance of the car and its occupants. The officers observed a female passenger going into and leaving two drug stores with purchases. When Sidney Police Officer Slama telephoned one of the drug stores to ask what the woman had bought, he learned that she had purchased fifteen boxes of cold medicine containing pseudoephed-

rine.[1] The officers decided to stop the car, which the defendant was driving.

Co-defendant Kelly Foutch was the registered owner of the car; she gave officers permission to search it. The search turned up boxes of cold medicine containing pseudoephedrine in the passenger compartment and, in the trunk, items and chemicals used to manufacture methamphetamine, some of which constituted a danger to public safety. The trunk also contained evidence of methamphetamine use.

In a *Mirandized* interview, Foutch told officers that she lived with the defendant in Evergreen, Colorado, and that they had a methamphetamine lab in their apartment. Chief Deputy Jenson informed the Metro Task Force in Jefferson County, Colorado, about Foutch's statement. Officers there obtained a search warrant for the apartment and discovered the lab.

### Discussion

■ *Reasonable Suspicion.* An officer may stop a vehicle to conduct an investigation if the officer has a reasonable suspicion that the occupants are engaged in criminal activity. *United States v. Spotts,* 275 F.3d 714, 718 (8th Cir.2002) (citing *United States v. Bell,* 183 F.3d 746, 749 (8th Cir.1999)). The defendant contends that Magistrate Judge Thalken erred in determining that the officers in this case had a reasonable, articulable suspicion of criminal activity sufficient to justify an investigatory detention of the vehicle the defendant was driving. The defendant notes that no federal or state law requires proof of identification to purchase iodine, that no federal or state law prohibits buying multiple packages of cold medicine containing pseudoephedrine, that no testimony established the store employees as

1. Pseudoephedrine is a precursor drug for methamphetamine.

reliable informants, that none of the officers observed the defendant commit any traffic violations, and that the stop occurred mid-day in a commercial section of Sidney. Based on these facts, the defendant argues that the officers could not reasonably believe that the occupants of the car were engaged in criminal activity; the stop therefore was based only "an inarticulable hunch or a generalized suspicion." Filing No. 64 at 2.

■ Since the reasonable suspicion needed to make a valid investigatory stop of a vehicle is "a less demanding standard than the probable cause for arrest, it 'can arise from information that is less reliable than that required to show probable cause.'" *United States v. Wheat,* 278 F.3d 722, 727 (8th Cir.2001) (quoting *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). "The validity of an investigatory stop under the Fourth Amendment turns on the detailed facts of the cases at hand. We must consider 'the totality of circumstances—the whole picture.'" *Spotts,* 275 at 718 (quoting *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).

■ Here, Cheyenne County law enforcement officials have trained area merchants, including employees of the Mercantile Store, to be on the lookout for individuals buying equipment and precursor chemicals for methamphetamine production. Mercantile Store employees informed the sheriff's office that two men had tried to buy an unusually large quantity of iodine but had left the store without the iodine when asked to produce identification. The suspicious employees gave the sheriff's office the description and license plate number of the men's car. While the tip from the Mercantile Store employees might not alone have been sufficiently reliable to justify an investigatory stop of the car, their information did not stand in isolation. Before approaching the car, Chief

Deputy Sheriff Jenson and other officers initiated surveillance and personally observed a female occupant of the vehicle go into two drug stores and return to the car with purchases. In addition, Officer Slama verified with an employee of one of those stores that the woman had purchased multiple boxes of cold medicine containing pseudoephedrine—a precursor drug for methamphetamine.

■ The defendant is correct that purchasing quantities of iodine or cold medicine with pseudoephedrine is not illegal. But "innocent behavior frequently will provide the basis for a showing of probable cause" or for a less demanding showing of reasonable suspicion. *Illinois v. Gates,* 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In determining whether reasonable suspicion exists, "the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *Id.* When individuals purchase (or attempt to purchase) unusual quantities of both iodine and cold medicine with pseudoephedrine within a very short time, an officer with Jenson's experience and training could reasonably suspect that the individuals were collecting materials needed to make methamphetamine. I find that when the officers decided to stop the car, they had enough facts, given the totality of the circumstances, to form a reasonable suspicion that the occupants in the car were engaged or about to be engaged in criminal activity. The defendant's motion to suppress must therefore be denied. Accordingly,

IT IS ORDERED:

1. The defendant's objection, Filing No. 64, to the report and recommendation, Filing No. 58, is overruled;

2. The report and recommendation, Filing No. 58, is adopted in its entirety; and

3. The defendant's motion, Filing No. 34, to suppress is denied.